IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| SEAN DEAN OGLE, ) | Cause No. CV 09-118-M-DWM-JCL |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| MONTANA STATE DEPARTMENT ) | |
| OF PROBATION AND PAROLE, ) | |
| ) | |
| Respondent. ) | |

_____

On August 14, 2009, Petitioner Sean Ogle filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Ogle is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.  If summary dismissal is

not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

## II. Background

On January 21, 1991, a jury in Montana's Twentieth Judicial District Court, Lake County, convicted Ogle of sexual assault. He also pled guilty to a misdemeanor charge of failure to register as a sex offender. Order at 1-4, State v. Ogle, No. 91-334 (Mont. Nov. 12, 1992). Ogle had previously been convicted of sexual assault on a child in Clear Creek County, Colorado, on April 10, 1986. Judgment and Commitment at 1 (doc. 2-2), State v. Ogle, No. DC-90-101 (Mont. 20th Jud. Dist. Ct. Feb. 14, 1991). At the time of the offense, Ogle was 25, and the victim was 13. Order at 10, Ogle, No. 91-334. Ogle was designated a persistent felony offender and sentenced to serve 60 years in prison, with 20 years suspended. Judgment was entered on February 14, 1991. Pet. (doc. 1) at 2-3 ¶¶ 1-6. He appealed his conviction but not his sentence. The Montana Supreme Court affirmed his conviction on November 12, 1992.

Ogle filed his petition in this Court on August 14, 2009.

## III. Ogle's Allegations

Ogle challenges the validity of several of the conditions of the suspended portion of his sentence. Pet. at 4 ¶ 15A. He alleges that he does not necessarily

receive credit for time he spends on probation and that this amounts to double jeopardy and a violation of the Ex Post Facto Clause and due process. Id. at 5 ¶ 15B. He objects on various constitutional grounds to conditions that he refrain from using alcohol, submit to warrantless "searches of bodily fluids" and polygraph examinations, undertake inpatient mental health treatment if required by a probation officer, report any contact with law enforcement, and have no contact with any person under the age of 18. Id. at 5-6 ¶¶ 15C-15D, 9-10. He also objects that the trial court reserved the possibility of imposing additional conditions after sentencing. Id. at 10. Finally, he alleges simply "[indefinite] term of suspension." Id. at 11.

For his relief, Ogle seeks relief from the illegal conditions, "even from suspended term in full due to the gross collection of violations." Pet. at 8 ¶ 18.

## IV. Analysis

Ogle's claims are almost certainly barred by the one-year federal statute of limitations or by the doctrine of procedural default/procedural bar. However, it is more efficient to address the merits. 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

Under Montana law, part or all of a prison sentence may be suspended while the convicted person complies with certain conditions. Conditions of a suspended sentence are, for all practical purposes, conditions of probation. E.g., State v. Rogers, 779 P.2d 927, 928-29 (Mont. 1989). Ogle's claim that a suspended sentence and probation are somehow inconsistent, Br. (doc. 2) at 1-16, is incorrect.

"Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." United States v. Knights, 534 U.S. 112, 119 (2001). All of the conditions to which Ogle refers are typical for persons who commit a sexual offense against a minor. This Court imposes almost identical conditions. E.g., 18 U.S.C. §§ 3583(d), 3563(a), (b). Warrantless searches of persons under supervision do not violate the Constitution, so long as they are based on reasonable suspicion. Knights, 534 U.S. at 121.[1] Ogle offers no "more than merely hypothetical" reason to believe that he will be penalized if he fails to comply with polygraph testing. United States v. Antelope, 395 F.3d 1128, 1138 (9th Cir. 2005); see also Minnesota v. Murphy, 465 U.S. 420, 439 (1984). Further, the trial court may modify the conditions. Mont. Code Ann. § 46-

---

[1] If state law so provides, even random, suspicionless searches of probationers do not violate the Constitution. Samson v. California, 547 U.S. 843, 846 (2006).

18-203(7)(b) (1989); <u>Rivera v. Eschler</u>, 767 P.2d 336, 338 (Mont. 1989).  The Constitution is not violated by the enforcement of conditions that were imposed at the time of sentencing and were not appealed.  Ogle does not identify any new conditions.  He simply challenges the conditions imposed in 1991.  None of them is facially invalid.

As for the "indefinite" term of suspension, Ogle is correct that the term may, in practice, be indefinite – if he violates the conditions of his suspended sentence. <u>State v. Docken</u>, 908 P.2d 213, 217 (Mont. 1995) (applying Mont. Code Ann. § 46-23-201(1) (1987)).  Both probation and any revocation impose punishment for the original crime of conviction.  Violation of conditions leads to revocation and re-sentencing, potentially without credit for time served outside prison.  This, too, is typical and not unconstitutional.  E.g., <u>Johnson v. United States</u>, 529 U.S. 694, 696 (2000); 18 U.S.C. § 3583(e)(3).  Ogle decides whether he risks losing credit for time served under supervision, because Ogle decides whether he will abide by his conditions.

There is nothing remarkable about the conditions under which a twenty-year portion of Ogle's sixty-year prison sentence will remain suspended.  His petition should be denied on the merits.

**V. Certificate of Appealability**

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

**A. Governing Law**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Ogle "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

**B. Discussion**

Ogle does not identify any violation of his constitutional rights. The conditions of which he now complains were imposed in 1991. The conditions themselves are unremarkable and typical for persons convicted of a sexual offense against a minor. There is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Ogle must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>23rd</u> day of November, 2009.

<u>/s/ Jeremiah C. Lynch</u><br>
Jeremiah C. Lynch<br>
United States Magistrate Judge