


FILED
JAN 0 5 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SEAN DEAN OGLE, ) | CV 09-118-M-DWM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MONTANA STATE DEPARTMENT OF ) | |
| PROBATION AND PAROLE, ) | |
| ) | |
| Respondent. ) | |

Petitioner Sean Ogle filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on November 23, 2009. Judge Lynch recommended denying the petition. Ogle timely objected on December 8, 2009. Therefore, he is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and

Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. Petitioner is familiar with the factual background of this case, so it will not be restated here.

Ogle challenges a suspended sentence imposed in 1991 under Montana state law, and he challenges conditions imposed as part of the suspended sentence. Judge Lynch recommended denying Ogle's petition on the merits because the suspended portion of his sentence compiles with Montana law and the conditions are reasonable.

Ogle objects that his suspended sentence violates various provisions of the Constitution because he is not given credit for time served as he would if he were placed on probation. His objection has no legal basis. Montana law permits a court to "suspend execution of sentence." Mont. Code Ann. § 46-18-201(2). A court's decision to suspend a sentence is an "act of grace," and it may be revoked and the defendant required to serve the full sentence. Mont. v. Rogers, 779 P.2d 927, 929 (Mont. 1989). Upon a violation of the conditions of a suspended sentence, the defendant may be required "to serve either the sentence imposed or

any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence." Mont. Code Ann. § 46-18-203(7)(a)(iii). The statute does not require that Ogle receive any credit for the time already served.

Ogle also objects to the conditions imposed as part of his sentence, claiming they are not reasonable and violate the Montana and United States Constitutions. In particular, he notes a condition prohibiting him from having contact with a minor. However, Ogle has not identified any conditions imposed as part of his suspended sentence that are unconstitutional or that were not appropriate to impose in this case. "When deferring imposition of sentence or suspending all or a portion of execution of sentence, the sentencing judge may impose upon the offender any reasonable restrictions or conditions." Mont. Code Ann. § 46-18-201(4). As Judge Lynch correctly found, the conditions are typical for someone serving a suspended sentence who has committed a sexual offense against a minor.[1] Although Ogle objects to the condition prohibiting him from having contact with any minors, this condition is reasonable, given his conviction for sexual assault and a prior conviction of sexual assault on a minor. In addition, the

---

[1] Further, it was not evidence of bias, as Ogle argues in his objections, for Judge Lynch to note that this Court imposes conditions similar to those imposed by the state court. This simply reflects that such conditions are commonplace and that they are constitutionally permissible.

restrictions on consumption of alcohol and drugs are common restrictions on freedom imposed as part of a sentence. See e.g. 18 U.S.C. § 3563(b) (listing permissible conditions of release, including restrictions on alcohol consumption).

Ogle also challenges the condition requiring him to be subject to polygraph testing. Judge Lynch found that because Ogle offered no "more than merely hypothetical" reason to believe he will be penalized for refusing such tests, the condition is valid. U.S. v. Antelope, 395 F.3d 1128, 1138 (9th Cir. 2005). Ogle argues the consequences of refusing polygraph testing are more than hypothetical because his suspended sentence may be revoked if he refuses to comply with the condition. However, without both the risk of incrimination and a penalty that amounts to compulsion, the condition is valid. Id. at 1134. Ogle has offered nothing to show that complying with the condition requiring polygraph testing carries the risk of incrimination. Therefore, the condition is valid. I agree with Judge Lynch that none of the conditions of the suspended sentence imposed in 1991, which Ogle did not challenge at the time, are facially invalid.

Finally, Ogle makes vague objections that no other state would allow violations of the Constitution that he asserts occurred here, and that the suspended sentence and conditions violate numerous provisions of the Constitution. These objections are unsupported by any authority, and he offers nothing to demonstrate

that Judge Lynch's Findings and Recommendation were in error.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #4) are adopted in full. The Petition (dkt # 1) is DENIED on the merits.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk is directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

DATED this 5 day of January, 2010.

Donald W. Molloy, District Judge
United States District Court